FILED

JAN 29 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
EMMET P. ONG (NYBN 4581369)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612-5217
    Telephone: (510) 637-3929
    Facsimile: (510) 637-3724
    E-mail: emmet.ong@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM OBOLONSKYI DISTRICT COURT IN KYIV, UKRAINE IN THE MATTER OF LIUDMYLA PETRIVNA KOZLOVSKA V. PUBLIC ORGANIZATION "STOP CORRUPTION" | Case No. CV 20 80023 MISC. JSC<br><br>UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 |

    Now comes the United States of America, by its counsel, David L. Anderson, United States Attorney for the Northern District of California, and Emmet P. Ong, Assistant United States Attorney, and submits this Memorandum of Law in support of the *Ex Parte* Application for Order,[1] pursuant to 28

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and

MEMO. OF LAW ISO OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A)

1

U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Kyiv, Ukraine for international judicial assistance to obtain certain information from Cloudflare, Inc. ("Cloudflare").

## I. INTRODUCTION

The request for international judicial assistance comes from the Obolonskyi District Court in Kyiv, Ukraine ("Ukrainian Court"). Specifically, the Ukrainian Court has issued a Letter of Request dated September 27, 2019 requesting judicial assistance to obtain testimony for use in the case captioned *Liudmyla Petrivna Kozlovska v. Public Organization "Stop Corruption"*, Foreign Reference Number 756/14307/18. Declaration of Emmet P. Ong ("Ong Decl."), Ex. A, Letter of Request.

The facts of this case, as stated in the Letter of Request, indicate that this matter is a civil proceeding in which the Ukrainian Court is adjudicating a case regarding the "protection of honor, dignity, business reputation and refutation of false information." *Id.*, Ex. A., Letter of Request, at ¶ 15.a. The plaintiff alleges that the defendant posted an article containing negative false information about her on the website www.stopcor.org. *Id.*, Ex. A, Letter of Request, at ¶ 15.b. The defendant contends that it has no connection to the article because it is not an owner or user of www.stopcor.org, and does not have access to the servers of this website. *Id.*, Ex. A., Letter of Request, at ¶ 15.c. To make its determination, the Ukrainian Court is requesting information from Cloudflare regarding the identity and contact information of the person or entity who is receiving hosting services from Cloudflare as it pertains to www.stopcor.org. *Id.*, Ex. A., Letter of Request, at ¶ 16.a-b. The Ukrainian Court requests that this information be provided by June 9, 2020. *Id.*, Ex. A., Letter of Request, at ¶ 12.

The Ukrainian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,

---

exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

MEMO. OF LAW ISO OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A)
2

1  March 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 ("Hague Evidence Convention"). *Id.*, Ex. A.,
2  Letter of Request, at ¶ 10
3        The request was then transmitted to the U.S. Attorney's Office for the Northern District of
4  California for execution in accordance with 28 C.F.R. § 0.49(c). *Id.* ¶ 2 & Ex. A., Letter from OIJA. To
5  execute these requests for international judicial assistance, authority must be obtained from this Court.
6  28 U.S.C. § 1782.

7  **II.    ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION**

8        On January 21, 2020, AUSA Ong contacted Douglas Kramer, the General Counsel of
9  Cloudflare, by e-mail to discuss the Letter of Request. Ong Decl. ¶ 4. Mr. Douglas responded to AUSA
10 Ong's e-mail that same day and referred him to Cloudflare's dedicated e-mail address
11 (abuse+law@cloudflare.com) for such requests. *Id.* On January 22, 2020, Justin Paine, a representative
12 of Cloudflare, contacted AUSA Ong through the dedicated e-mail address. *Id.* ¶ 5. AUSA Ong
13 responded to Mr. Paine's e-mail that same day, asking for Cloudflare's voluntary compliance with the
14 Letter of Request and providing a copy thereof. *Id.* Later that day, Mr. Paine notified AUSA Ong that,
15 based on its policies, Cloudflare "would not be in a position to voluntarily comply with this request."
16 *See id.* at ¶ 5 & Ex. C.

17 **III.    ARGUMENT**

18     **A.    The Hague Evidence Convention**

19       The Hague Evidence Convention affords each signatory nation the use of the judicial process of
20 other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the
21 transmission and execution of Letters of Request and to further the accommodation of the different
22 methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence
23 Convention "prescribes certain procedures by which a judicial authority in one contracting state may
24 request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v.*
25 *U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The Hague Evidence Convention is
26 in force in both the United States and Ukraine. Hague Conference on Private International Law, *Status*
27 *Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial*
28

*Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited January 28, 2020) (The Hague Evidence Convention entered into force between the United States and Ukraine on April 26, 2002).

Article 10 of the Hague Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10. Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id.* at art. 9.

Under Article VI of the United States Constitution, treaties, such as the Hague Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

**B.  Statutory Considerations Weigh in Favor of Granting the United States' Application**

The authority for this Court to assist foreign tribunals in obtaining testimony is contained in 28 U.S.C. § 1782. This section states:

> <u>Assistance to foreign and international tribunals and to litigants before such tribunals</u>
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal

> or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aerospatiale*, 482 U.S. at 529 (providing a brief history of the Hague Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Assistant United States Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts in response to a request for assistance. *See, e.g., In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory); *see also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

MEMO. OF LAW ISO OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A)

This Court is authorized to provide assistance to the Ukrainian Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also* S. Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Cloudflare "resides or is found in" the Northern District of California because its offices are located in San Francisco, California. Ong Decl. ¶ 6 & Ex. D. Second, the Letter of Request explains that the information is "for use in a proceeding before a foreign tribunal" because it is needed to adjudicate a defense raised by the defendant. *Id.*, Ex. A, Letter of Request, at ¶ 16.b. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal," namely, the Ukrainian Court. *Id.*, Ex. A, Letter of Request, at ¶ 13.a.

### C. Discretionary Considerations Weigh in Favor of Granting the United States' Application

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)); *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Ukrainian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Cloudflare is not a party to the proceedings and is not subject to the Ukrainian Court's jurisdiction because it is located in California; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Ukrainian Court or the character of the proceedings. Additionally, this request was initiated by the Ukrainian Court and not by an independent party;

therefore, the Ukrainian Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Ukrainian Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Ukraine's discovery rules or to thwart policies of either the United States or Ukraine. *See id.* at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Ukrainian Court's request for judicial assistance.

And with respect to the fourth factor, the requests seeks basic information (e.g., name and address) about the person or entity who is receiving hosting services from Cloudflare and therefore would not be unduly intrusive or burdensome. *See, e.g., id.* at 529 (holding that providing a DNA by buccal swab is not unduly burdensome); *see also In re Clerici*, 481 F.3d at 1335 (holding that it was the witness's burden to file a motion to limit discovery, and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Ukrainian Court.

## CONCLUSION

Attached as Exhibit B to the Declaration of Emmet P. Ong is the proposed subpoena that this office intends to serve (in substantially similar format) on Cloudflare should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the written statement will be sent to the Department of Justice, Civil Division, OIJA for transmission to the Ukrainian Court.

MEMO. OF LAW ISO OF EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(A)
8

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Emmet P. Ong as Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

DATED: January 29, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Emmet P. Ong*
EMMET P. ONG
Assistant United States Attorney

*Attorneys for the United States of America*