UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM OBOLONSKYI DISTRICT COURT IN KYIV, UKRAINE, | Case No. 20-mc-80023-JSC<br><br>**ORDER RE: EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE**<br><br>Re: Dkt. No. 1 |

The United States, on behalf of the Obolonskyi District Court in Kyiv, Ukraine ("the Ukrainian Court"), has filed an *ex parte* application to take discovery pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) That statute allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. Here, the United States seeks an order appointing Emmet P. Ong, Assistant United States Attorney, Commissioner for the purposes of obtaining information from Cloudflare, Inc., in the form of written statement. Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

On September 27, 2019, the Ukrainian Court issued a Letter of Request under the Hague Evidence Convention seeking evidence for a civil action pending in the Ukraine, *Liudmyla Petrivna Kozlovska v. Public Organization "Stop Corruption,"* Ref. No. 756/14307/18. (Dkt. No. 3 at 5.[1]) In that action, the plaintiff contends that the defendant "posted negative false information as to the plaintiff that violated her non-proprietary rights to respect honor, dignity, business

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

reputation" on the website Stopcor.org. (*Id*. at 9.) The defendant "has filed a defense, where it disputes the claim referring to the fact that it has no connection with the article published, as it is not the owner (user) of the indicated website www.stopcor.org, it doesn't have access to the servers of this website as well as the defendant is not the author or content editor of posting as to the plaintiff." (*Id*.) The registrar of the domain name stopcor.org is CloudFlare, Inc. (*Id*.) The Ukrainian Court is thus seeking information from CloudFlare regarding the "surname, name, place of registration and residence, telephone, e-mail (as to the individual) or name of the legal entity, USREOU code, its location, phone, e-mail (as to the legal entity)." (*Id*. at 9-10.)

The Ukrainian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. (Dkt. No. 3 at Ex. A.) On January 7, 2020, the request was transmitted to the United States Attorney's Office for the Northern District of California who thereafter filed the underlying action. The United States represents that CloudFlare has advised it that it cannot "voluntarily comply" with the request for information. (Dkt. No. 3 at ¶ 5.) It makes no representation regarding whether the defendant in the underlying Ukrainian action objects.

**LEGAL STANDARD**

Section 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). A litigant in a foreign action qualifies as an "interested person" under Section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). To apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. *Id.* at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id.* at

259 (holding that discovery was proper under Section 1782 even though the applicant's complaint was still only in the investigative stage). When it comes to requests directly from foreign courts, district courts typically handle Section 1782 discovery requests in the context of an *ex parte* application for an order appointing a commissioner to collect the information. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may object and exercise due process rights by bringing motions to quash the subpoenas after the court issues a Section 1782 order); *see, e.g.*, *In re Request for Int'l Judicial Assistance from the Nat'l Ct. Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *2 (N.D. Cal. Mar. 11, 2015) (granting *ex parte* application for a Section 1782 order); *In re Request for Int'l Judicial Assistance from the 16th Family Ct. of the Supreme Ct. of Justice of the Fed. Dist.*, No. 14-mc-80083-JST, 2014 WL 1202545, at *1 (N.D. Cal. Mar. 19, 2014) (same).

The court retains wide discretion to grant discovery under Section 1782. *See Intel*, 542 U.S. at 260-61. In exercising its discretion, the court considers the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65; *see also In re Request for Judicial Assistance from the Seoul Dist. Crim. Ct.*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted) (noting that the only requirements explicit in the statute are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal, but also holding "that the investigation in connection with which the request is made must related to a judicial or quasi-judicial controversy").

"A district court's discretion is to be exercised in view of the twin aims of [Section] 1782: providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts." *Nat'l Ct. Admin. of the Republic*

3

*of Korea*, 2015 WL 1064790, at *2 (citing *Schmitz v. Bernstein Libehard & Lifshitz, LLP*, 376 F.3d 79, 85 (2d Cir. 2004)). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's law or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## DISCUSSION

### A. Statutory Authority

The United States' application satisfies the minimum requirements of Section 1782. First, CloudFlare's offices are location in San Francisco, California which is within the Northern District of California. (Dkt. No. 3 at ¶ 6.) Second, the requested discovery is for use in a civil action pending in a court in the Ukraine. With respect to the third factor, Section 1782 plainly states that discovery orders may issue upon the request of either a foreign tribunal or an interested party. 28 U.S.C. § 1782(a). The United States is making the application on behalf of the Ukrainian Court, the foreign tribunal before which the civil action is pending. Lastly, the instant ex parte application is an acceptable method of requested discovery under Section 1782. *See Tokyo Dist., Tokyo, Japan*, 539 F.2d at 1219.

### B. Discretion

The Court finds good cause to exercise its discretion to authorize the requested discovery and appoint Assistant United States Attorney Emmet P. Ong as a Commissioner to obtain this discovery from CloudFlare. *See Intel*, 542 U.S. at 260-61. CloudFlare is not a party to the Ukrainian action, and therefore discovery regarding its records is unattainable absent Section 1782(a) aid. With respect to the second discretionary factor and the nature and receptivity of the foreign tribunal, the United States represents that the Ukrainian Court has requested assistance in obtaining this discovery. There is nothing to suggest that the request here is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States."

*Id.* at 264-65; *see In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 527 (E.D. Va. 2010) ("Clearly, the Svitavy Court is receptive to the assistance of this Court, considering that the Request for Judicial was initiated by the Svitavy Court itself, not by a litigant operating independently."). Finally, the requested information is not unduly burdensome or intrusive. Section 1782 provides that the district court "may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1728(a). The United States seeks a written statement from CloudFlare regarding the owner or user of the domain name on behalf of the Ukrainian Court.

**CONCLUSION**

For the reasons described above, the Court GRANTS the 1782 application as follows:

1. The Court appoints Assistant United States Attorney Emmet P. Ong as Commissioner and authorizes Mr. Ong to issue the subpoena attached to his declaration to CloudFlare.
2. At the time of service of the subpoena, the United States must also serve a copy of this Order on CloudFlare. The return date on the subpoena must be at least 30 days from the date of service.
3. Within 7 days of receipt of the subpoena and this Order, CloudFlare shall provide copies of the subpoena and this order to domain name owner(s) or users.
4. Within 14 days from the date of receipt of copies of the subpoena and this Order, any interested person may file a motion in this Court contesting the subpoena. Should any person do so, this action shall automatically be reopened.

**IT IS SO ORDERED.**

Dated: February 5, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5